**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DOROTHY ANN OILER,

                 Petitioner,

v.                                    CIVIL ACTION NO.  5:08-cv-00995
                                    (Criminal No. 5:06-cr-00098-02)

UNITED STATES OF AMERICA,

                 Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is pro se Plaintiff Dorothy Oilder's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Docket 248]\*, which was filed August 14, 2008.  By Standing Order entered on August 1, 2006, and filed in this case on August 14, 2008, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort entered his PF&R on March 25, 2009 [Docket 273], recommending that this Court deny Plaintiff's § 2255 Motion and remove this matter from the Court's docket.

Objections to Magistrate Judge VanDervort's PF&R were due by April 10, 2009, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Plaintiff timely filed objections to the PF&R on April 1, 2009, and an amendment to her objections on April 7, 2009.  The briefing is complete, and the matter is now ripe for the Court's consideration.

---

\* Unless otherwise noted, docket numbers are the same in both Case Nos. 5:08-cv-00995 and 5:06-cr-00098-02.

*I. BACKGROUND*

On July 17, 2006, Plaintiff plead guilty to a charge of conspiracy to distribute a quantity of cocaine base in violation of 21 U.S.C. § 846.  On January 24, 2007, Plaintiff was sentenced by this Court to serve 168 months of incarceration followed by three years of supervised release.  At Plaintiff's sentencing hearing, she was advised that any notice of appeal she wished to make had to be filed with the Clerk not more than ten days from the date of entry of the judgment order.  Plaintiff filed no appeal.

On April 15, 2008, Plaintiff, acting pro se, filed a Letter-form Motion for Retroactive Application of Sentencing Guidelines (§ 3582(c)(2) Motion) [Docket 222 Case No. 5:06-cr-00098-02].  The Court entered an Order designating Plaintiff for expedited consideration [Docket 224 Case No.5:06-cr-00098-02].  In response to the Court's Order, Plaintiff's counsel filed a Re-sentencing Memorandum [Docket 227 Case No.5:06-cr-00098-02], requesting a resentencing.  By Memorandum Opinion and Order entered May 7, 2008, [Docket 230 Case No.5:06-cr-00098-02] the Court denied Plaintiff's request for resentencing but granted Plaintiff's motion for a two-level reduction pursuant to 18 U.S.C. § 3582(c)(2), reducing Plaintiff's sentence to a period of 135 months.  Plaintiff filed a Notice of Appeal of the Court's denial of her re-sentencing [Docket 234 Case No.5:06-cr-00098-02] on May 12, 2008.  The United States Court of Appeals for the Fourth Circuit affirmed this Court's decision on September 23, 2008 [Docket 253 Case No.5:06-cr-00098-02].

On August 14, 2008, Plaintiff, acting pro se, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Docket 248], alleging ineffective assistance of counsel, involuntary plea, and material misrepresentation by the

government.  In his PF&R, Magistrate Judge VanDervort recommended that Plaintiff's § 2255 Motion be dismissed as untimely because Plaintiff's motion was filed outside the one-year limitation and there are "no circumstances justifying equitable tolling in this matter."  (Docket 273 at 6 Case Nos. 5:08-cv-00995 and 5:06-cr-00098-02.)

## II.  STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When reviewing the portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting pro se, and his filings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.  OBJECTIONS TO THE PF&R

Plaintiff asserts that her counsel failed to advise her of the one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.  Furthermore, Plaintiff alleges that her attorney led her to believe that her § 3582(c)(2) Motion was an appeal, and she could not file a § 2255 Motion until the § 3582(c)(2) Motion had been resolved.  Plaintiff claims that "[b]ut for this negligence on the part of [her attorney, she] would have filed the § 2255 [Motion] within one year of sentencing."

The Antiterrorism and Effective Death Penalty Act establishes a one-year limitations period for the filing of a § 2255 petition. 28 U.S.C. § 2255(f). The one-year period of limitation begins from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* In this instance, the latter three events are inapplicable, and the one-year limitation began to run on the date on which Plaintiff's conviction became final. Because Plaintiff did not file an appeal, her conviction became final on February 3, 2007, ten days after her sentencing on January 24, 2007.

"[T]he AEDPA statute of limitations is subject to equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 346 (4th Cir. 2003). However, equitable tolling is only appropriate in "rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). Therefore, Plaintiff is entitled to equitable tolling only if she can present "(1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *Rouse, 339 F.3d at 346.*

Plaintiff's argument that the statute of limitations should be tolled due to misrepresentation by her attorney is without merit. First, Plaintiff was advised by this Court that she had ten days in which to appeal her sentencing; therefore, she was given notice that any filing constituting an appeal

4

had to be filed within ten days.  Nevertheless, even if Plaintiff was mislead by counsel to believe that a § 3582(c)(2) Motion filed after the ten-day period constituted an appeal and precluded the filing of a § 2255 Motion, such misrepresentation would not be an extraordinary circumstance beyond Plaintiff's control.  *See Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (holding that mistake of counsel does not serve as ground for equitable tolling of the statute of limitations for filing petition for federal habeas corpus); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Moreover, even if Plaintiff's § 3582(c)(2) Motion had been an appeal, her § 2255 Motion would still be untimely.  Plaintiff's § 3582(c)(2) Motion was filed on April 15, 2008— over fourteen months after the date on which her conviction became final and over two months after that statute of limitations had run on her § 2255 Motion.  Therefore, the filing of the § 3582(c)(2) Motion has no bearing on the one-year limitations period for the filing of Plaintiff's § 2255 petition.  The Court finds no other extraordinary circumstance to justify equitable tolling in this case.  Accordingly, Plaintiff's objections are **OVERRULED** and her § 2255 Petition is **DISMISSED** as untimely.

*IV.CONCLUSION*

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections [Docket 275] and **ADOPTS** and incorporates herein the PF&R of Magistrate Judge VanDervort [Docket 273]. The Court **DISMISSES** Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Docket 248] and **DISMISSES** this action from the Court's docket.  A separate Judgment Order will enter this day implementing the rulings contained herein.

5

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:      April 21, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE