**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DOROTHY ANN OILER,

        Petitioner,

v.                                      CIVIL ACTION NO. 5:08-cv-00995
                                        (Criminal No. 5:06-cr-00098-02)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is pro se Plaintiff Dorothy Oiler's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Docket 285],[*] which was filed May 5, 2009. Plaintiff has moved for reconsideration of the judgment entered April 21, 2009 [Docket 248], dismissing as untimely her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Plaintiff now argues that the Court should consider the merits of her current § 2255 claim because she was not aware of the one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. This is the same argument she made in her initial § 2255 motion.

28 U.S.C. § 2255 states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ." Plaintiff's instant Motion is successive because she previously filed a § 2255 motion. Plaintiff has not obtained a certification

---

[*] Unless otherwise noted, docket numbers are the same in both Case Nos. 5:08-cv-00995 and 5:06-cr-00098-02.

from the Court of Appeals for the Fourth Circuit for her motion as required by §2255. Therefore, the Court is not required to entertain this second motion. *See United States v. King*, 301 F. App'x. 215 (4th. Cir. 2008).

Additionally, proper dismissal of a prior § 2255 motion as untimely renders successive any future § 2255 motions challenging the same conviction or sentence. *Stapleton v. United States*, 392 F. Supp. 2d 754 (W.D. Va. 2005). Plaintiff's first § 2255 motion was dismissed as untimely; therefore, the current § 2255 motion is successive. Because Plaintiff did not meet the requirements under 28 U.S.C. § 2255 for a successive § 2255 motion, her current motion is foreclosed by the statute. Accordingly, Plaintiff's current § 2255 motion [Docket 285] is **DENIED** as untimely and successive. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: SEPTEMBER 28, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE