**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **DOROTHY ANN OILER,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 5:06-0098-02** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On May 29, 2013, Movant, acting *pro se* and incarcerated at FPC Alderson, filed a Title 18

U.S.C. 3582(c)(2) Motion to Correct Error of Sentencing Calculation. (Document No. 340.)[1] By

Standing Order filed on July 17, 2013, the District Court referred Movant's Motion to this United

States Magistrate Judge for submission of proposed findings and recommendation for disposition.

(Document No. 342.) Having examined the record and considered the applicable law, the

undersigned finds that Movant is not entitled to Section 3582 relief and respectfully recommends

that her Motion to Correct Error of Sentencing Calculation be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2006, Movant pled guilty to Count One of an Indictment charging her with

conspiracy to distribute a quantity of cocaine base in violation of 21 U.S.C. § 846. (Criminal Action

No. 5:06-00098, Document Nos. 81 and 84.) Movant was sentenced on January 24, 2007. (Id.,

Document Nos. 150 and 164.) The District Court found that Movant's conduct involved 708.75

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

grams of cocaine base and determined that Movant had a Base Offense Level of 36, and a Total Offense Level of 35, the Court having imposed a two-level firearm enhancement and granted a three-level downward adjustment for acceptance of responsibility. (Id., Document No. 204, Transcript of Sentencing Hearing, p. 51.) The District Court ordered that Movant serve a 168-month term of incarceration to be followed by a three-year term of supervised release. (Id., pp. 53 - 54.) The District Court also imposed a $100 special assessment. (Id., p. 55.) Movant did not appeal her sentence to the Fourth Circuit Court of Appeals.

On April 15, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding her Crack Cocaine Offense.[2] (Id., Document No. 222.) By Memorandum Opinion and Judgment Order entered on May 7, 2008, the District Court denied Movant's request for re-sentencing[3] and granted her request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 230.) The District Court reduced Movant's Base Offense Level by two levels and sentenced her with a Total Offense Level of 33 to "a period of 135 months, with credit for time served to date." (Id..)

On August 14, 2008, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Document No. 248.) By Proposed Findings and Recommendation filed on March 25, 2009, the undersigned proposed that Movant's Section

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base. U.S.S.G., Appendix C, Amendment 706. Subsequently, the Sentencing Commission amended Section 1B1.10 to make the amendment retroactive, effective March 3, 2008.

[3] The District Court stated that "any argument that Defendant is entitled to a sentence below that provided for by the two level reduction is without merit, and Defendant's request for 're-sentencing' is DENIED." (Criminal Action No. 5:06-00098, Document No. 230, p. 2.)

2255 Motion be denied as untimely (Document No. 273.), and on April 21, 2009, the District Court adopted the undersigned's recommendation and dismissed the matter (Document Nos. 277 and 278.).

On November 4, 2009, Movant filed a Motion for Reduction of Sentence Based on Unwarranted Sentence Disparity Concerning Weight Equivalency of Crack to Powder. Movant contended that based upon a retroactive amendment to U.S.S.G. § 2D1.1 "to address disparity between crack and powder cocaine offenders", her sentence should be determined on the basis of Offense Level 24, Criminal History Category I to be in the range of 51 to 63 months in prison. (Document No. 293.)[4] By Order entered on December 14, 2011, the District Court required Respondent to file a response to Movant's Motion citing the November 1, 2010, amendment to U.S.S.G. § 2D1.1 pertaining to cocaine base which applied retroactively. (Document No. 312.) Respondent indicated that it had no objection to the reduction (Document No. 321.), and by Memorandum Opinion and Judgment Order filed on January 20, 2012, the District Court granted Movant's Motion and ordered that Movant's Base Offense Level be reduced by two levels and she be sentenced at the Total Offense Level of 31 to 108 months in prison (Document No. 329.).

On April 3, 2012, Movant filed a letter which has been designated a Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255. (Document No. 330.) Movant urges that the District Court has made a mistake in sentencing her indicating, as she did in her November 4, 2009, Motion for Reduction of Sentence (Document No. 293.), that her sentence should be in the range specified at Offense Level 24, Criminal History Category I of the United States Sentencing

---

[4] Movant stated that "[a]fter appropriate adjustments are calculated the Defendant's offense level for purposes of resentencing is Level 24." Movant does not indicate what the "appropriate adjustments" are.

Guidelines (51 - 63 months), not Offense Level 31. Movant states that she does not understand the District Court's reduction of her sentence to 108 months in prison when she had requested more of a reduction. Movant further requests that the District Court reconsider its enhancement for her role in the offense and reduce its sentence accordingly. Finally, Movant indicates that she had no criminal record before the circumstances in this matter, her health is failing and she has family members who could use her help.

By her Title 18 U.S.C. 3582(c)(2) Motion to Correct Error of Sentencing Calculation (Document No. 340.) filed on May 29, 2013, Movant again requests that the District Court "make the needed calculation error corrections" and sentence her at Offense Level 24, Criminal History Category I in the range of 51 to 63 months in prison. Since, as she claims, she has served more time (74 months at the time she filed her Motion) than her sentence as corrected will require, Movant requests that the District Court order her immediate release from prison. In her Motion and a letter to the Court filed on July 16, 2013 (Document No. 341.), Movant cites Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007);  Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002); Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, ___ L.Ed.2d ___ (2013)[5]; United States v. Blewett, ___ F.3d ___, 2013 WL 2121945 (6th Cir. May 17, 2013); United States v. Frost, 2013 WL 2250768 (E.D.Mich.); and Wade v. Chavez[6].

## DISCUSSION

First, Movant's Title 18 U.S.C. 3582(c)(2) Motion to Correct Error of Sentencing Calculation (Document No. 340.) must be denied because Movant is requesting that the District

---

[5] The Supreme Court overruled *Harris* in *Alleyne*.

[6] Movant does not provide a citation for this case, and the undersigned could not find it.

4

Court reconsider its January 20, 2012, Section 3582 reduction of her sentence (Document No. 329.). The District Court lacks authority to reconsider its prior reduction of Movant's sentence. United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010)("When the Sentencing Commission reduces the Guideline range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not . . . ask the district court to reconsider its decision.")[7]

Second, it is clear that the District Court's correctly modified Movant's sentence pursuant to Section 3582(c)(2) by reducing it to 108 months in prison. 18 U.S.C. § 3582(c)(2) provides for the modification of an imposed term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10, a policy statement, authorizes the reduction of a prison term under 18 U.S.C. § 3582(c)(2) as a result of an amendment of the Guidelines under certain circumstances listing the Amendments which qualify for consideration under Section 3582(c)(2).

Replacing temporary emergency Amendment 748 to the United States Sentencing Guidelines, Amendment 750 adjusted certain Base Offense Levels set forth in U.S.S.G. § 2D1.1 to which quantities of cocaine base are assigned. U.S.S.G., Appendix C, Amendment 750. Thus, for example, Movant's conduct involving 708.75 grams of cocaine base was within the quantity

---

[7] Section 3582 also does not authorize reconsideration of the District Court's determination of Movant's role in the offense or personal circumstances.

5

specified as Base Offense Level 32 when at the time Movant was sentenced that amount was within the quantity specified as Base Offense Level 36. On June 30, 2011, the Sentencing Commission added Amendment 750 to the list of Amendments at U.S.S.G. § 1B1.10(c) permitting retroactive application. As required after Amendment 750 was designated retroactive, by Memorandum Opinion and Judgment Order filed on January 20, 2012 (Document No. 329.), taking into account the enhancements and credits applied at Movant's sentencing to conclude that Movant's Total Offense Level was 31, the District Court modified  Movant's sentence by reducing it to 108 months in prison, the low end of the range specified at Offense Level 31. Movant was entitled to no further reduction.       Nor do the cases which Movant cites support her claim to a further reduction of her sentence.  Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), stands generally for the proposition that District Courts may conclude on the basis of policy considerations in particular cases that the crack to powder cocaine ratio built into the Sentencing Guidelines call for a higher sentence than necessary under Section 3553 and deviate from the framework of the Sentencing Guidelines. The Court held in Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, ___ L.Ed.2d ___ (2013), that a jury must determine facts in support of a mandatory minimum sentence. The Court in United States v. Blewett, ___ F.3d ___, 2013 WL 2121945 (6th Cir. May 17, 2013), held that the Fair Sentencing Act's sentence reduction provisions apply retroactively to all defendants including those sentenced before its passage on August 3, 2010.[8] United States v. Frost, 2013 WL 2250768 (E.D.Mich.) follows Blewett indicating that the retroactivity applies to

---

[8] The majority including the Fourth Circuit Court of Appeals hold otherwise. *See United States v. Reeves*, 717 F.3d 647, 650 - 651 (8th Cir. 2013), *citing United States v. Belt*, 2013 WL 1715577 (4th Cir.)("[T]he FSA does not apply retroactively to defendants sentenced prior to its effective date.")

6

mandatory minimums.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Title 18 U.S.C. 3582(c)(2) Motion to Correct Error of Sentencing Calculation (Document No. 340.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se* and transmit a copy to counsel of record.

Date: July 24, 2013.

R. Clarke VanDervort
United States Magistrate Judge

8