# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

DOROTHY OILER,

        Plaintiff,

v.                                               CIVIL ACTION NO.   5:12-cv-00952
                                                        (Criminal No. 5:06-cr-00098-02)

UNITED STATES OF AMERICA,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Dorothy Oiler's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. 2255 (§ 2255 motion) [ECF 330]. By Standing Order entered September 2, 2010 and filed in this case on April 3, 2012, this action was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation for disposition (PF&R). On July 24, 2013, Magistrate Judge VanDervort issued a PF&R recommending that the Court deny Petitioner's § 2255 motion.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the July 24, 2013 PF&R in this case were due on August 12, 2013. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R [ECF 343], **DENIES** Petitioner's § 2255 motion, and **DIRECTS** the Clerk to remove this case from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but she may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. Accordingly, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 9, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE